[S. F. No. 5766.    Department One.—January 27, 1912.]

ETTA G. CIMPHER and EDMUND D. CIMPHER, Appellants, v. CITY OF OAKLAND (a Municipal Corporation), Respondent.

TIDE LANDS—PUBLIC TRUST FOR NAVIGATION AND FISHERY—TITLE CANNOT BE ACQUIRED BY PRESCRIPTION.—Tide lands situated upon a navigable estuary, and over which the ordinary tides regularly ebb and flow, are charged with a public trust for the purposes of navigation and fishery, and no title thereto can be obtained by any private, person by prescription. .

ID.—POSSESSION CANNOT DEFEAT TITLE OF DEFENDANT.—The fact of possession by plaintiffs of such lands is good to defeat the defendant's claim thereto only in case the defendant shows no right or title thereto.

ID.—TIDE LANDS GRANTED TO TOWN OF OAKLAND—CITY COULD NOT CONVEY UNDER MERE RESOLUTION OF COUNCIL.—Tide lands included within the limits of the city of Oakland, which were granted to the town of Oakland by the act of 1852 incorporating such town, (Stats. 1852, p. 181), and to which the city succeeded as the successor of the town, (Stats. 1854, p. 187, sec. 12), could be granted or sold by the city under its charter of 1862, (Stats. 1862, p. 338 et seq.), only in the manner thereby prescribed. An attempted disposition of such land, in pursuance of a mere resolution of the city council, did not conform to the requirements of such charter and was wholly ineffectual.

ID.—CONSTITUTIONAL LAW—TIDE LANDS MAY BE GRANTED TO MUNICIPAL CORPORATION.—Section 3 of article XV of the state constitution, providing that all tide lands within two miles of any incorporated city of this state and fronting on the waters of any estuary or bay used for navigation "shall be withheld from grant or sale to private persons, partnerships, or corporations," does not prohibit the grant by the state of such lands to municipal corporations, and such a grant must be deemed to be within the general powers of the legislature.

ID.—LANDS GRANTED TO MUNICIPALITY ARE SUBJECT TO CONSTITUTIONAL PROHIBITION.—When such lands are granted by the state to a city, the constitutional prohibition still protects them from grant· or sale to private persons, private partnerships, or private corporations, except as it may be properly disposed of in furtherance of the trust upon which it is held, that is to subserve the public uses of navigation and fishery.

ID.—GRANT OF TIDE LAND TO CITY OF OAKLAND BY ACT OF 1909 NOT SPECIAL LEGISLATION.—The act of March 22, 1909, granting to the

city of Oakland all the interest of the state in certain described tide lands, does not come within the constitutional inhibition of local special legislation.

ID.—STATUTE OF LIMITATIONS DOES NOT RUN AGAINST STATE OR CITY.— Where no attempt had been made and no steps taken by any public authority, to abandon the public use of such tide lands and convert them into proprietary lands not dedicated to public use, the statute of limitations does not run in favor of a party in possession, either against the state or the city.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellants.

John W. Stetson, City Attorney, Wm. H. O'Brien, Assistant City Attorney, and Ben. F. Woolner, for Respondent.

SHAW, J.—The plaintiffs appeal from a judgment in favor of the defendant.

The controversy between the parties is over the title to the premises in the city of Oakland known as the Lake Merritt Boat House, being an area seventy-five feet square of the waters of Lake Merritt.

Plaintiffs claim title by prescription and also under a resolution of the city council of Oakland, adopted December 7, 1874, purporting to grant the right to use said space for a boat house, forever and exclusively, to Samuel Merritt. Plaintiffs have succeeded to whatever right or title Merritt obtained by the resolution.

It was admitted on the trial that the space in question is tide land situated upon a navigable estuary, and over which the ordinary tides regularly ebb and flow. This being the case, it was charged with a public trust for the purposes of navigation and fishery, and no title thereto could be obtained by any private person by prescription. (*People* v. *Kerber,* 152 Cal. 731, [125 Am. St. Rep. 93, 93 Pac. 878].) The title by prescription therefore fails. The fact of possession by plaintiffs is good to defeat the defendant's claim only in case the defendant shows no title or right thereto.

The resolution of the Oakland city council was ineffectual to grant or convey title. The act of 1852, incorporating the town of Oakland, purported to grant to said town the lands lying within its limits, as therein specified, situated between high tide and ship channel. The grant was made to facilitate the construction of wharves and other improvements. (Stats. 1852, p. 181.) The city of Oakland succeeded to all the rights and properties belonging to the town when it was changed to a city. (Stats. 1854, p. 187, sec. 12.) We cannot ascertain from the boundary line as defined in these acts, whether the premises in controversy are within the limits of the town as then existing, or not. If not, of course the city could not grant any right to them. For the purposes of this decision we assume that they were included in the city limits and in the grant to the town. The city charter empowered the city council to "pass all proper and necessary ordinances for the regulation and sale of city property, and to give deeds therefor." (Stats. 1862, p. 338, sec. 4.) Ordinances were required to be presented to the mayor and to be signed by him, unless passed over his veto. (Stats. 1862, p. 342, sec. 8.) It provided that all sales of property belonging to the city should be made by public auction to the highest bidder, upon such terms as the council should, "by ordinance," direct. (Stats. 1862, p. 353, sec. 51.) Ordinances were required to be posted or published, and to begin as follows: "The council of the City of Oakland do ordain as follows:" (Stats. 1862, p. 353, sec. 53.)

The resolution purporting to grant this property to Merritt did not comply with any of these requirements. It did not purport to be an ordinance at all, nor was it in the form prescribed for ordinances. It purported to be a mere resolution of the council. It was not signed by the mayor, and it does not appear that it was ever presented to him, or that it was passed over his veto. No ordinance providing for a sale of such property or fixing the terms thereof was ever passed and there is no evidence that the sale to Merritt was at public auction, or to the highest bidder. If it be conceded that the city had power to grant or sell the tide lands for what appears to have been a private use, or to dispose of them at all, except in aid of the public rights of navigation and fishery, it could do so only in the manner prescribed by its charter. As an

attempted disposition of such land, the resolution was a wide departure from the prescribed mode and was wholly inef¹ fectual.

The city did not rest its claim upon the fact, which we assumed as above stated, that the premises were included in the boundaries of the town of Oakland and were granted to it by the act of 1852, aforesaid. It based its claim wholly upon the act of March 22, 1909. (Stats. 1909, p. 665.) That act grants to the city of Oakland all the interest of the state in certain described tide lands. It is admitted that this grant includes the area in controversy. Appellants claim that such grant is forbidden by section 3 of article XV of the state constitution. That section provides that all tide lands within two miles of any incorporated city of this state and fronting on the waters of any estuary or bay used for navigation "shall be withheld from grant or sale to private persons, partnerships, or corporations." The claim is that this prohibits such grant to a municipal corporation. We do not so understand the language we have quoted. The word "private" is an adjective which, in the connection in which it is there used, qualifies all the nouns following it in that sentence. It withholds such lands from grant or sale to private corporations, but not to municipal corporations. When granted to a city, the prohibition still protects it from grant or sale to private persons, private partnerships, or private corporations, except as it may be properly disposed of in furtherance of the trust upon which it is held, that is to subserve the public uses of navigation and fishery. (*Ward* v. *Mulford*, 32 Cal. 372; *Oakland* v. *Oakland W. F. Co.*, 118 Cal. 184, [50 Pac. 277]; *People* v. *Kerber*, 152 Cal. 736, [125 Am. St. Rep. 93, 93 Pac. 878].) The constitutional policy is not violated by the grant to Oakland, and it must be deemed to be within the general powers of the legislature. (*Oakland* v. *Oakland W. F. Co.*, 118 Cal. 185, [50 Pac. 277].)

There having been no attempt made, and no steps taken by any public authority, to abandon the public use of these tide lands and convert them into proprietary lands not dedicated to public use, the statute of limitations does not apply in favor of the plaintiffs, either against the state or the city. (*People* v. *Kerber*, 152 Cal. 734, 753, [125 Am. St. Rep. 93, 93 Pac. 878].)

The act of 1909 clearly does not come within the constitutional inhibition of local special legislation. There is no other point worthy of notice.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.