[L. A. No. 3079.   In Bank.—December 20, 1913.]

THE PEOPLE, upon Information of U. S. Webb, Attorney-General Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), and SOUTHERN PACIFIC COMPANY (a Corporation), Appellants.

TIDE LANDS—EFFECT OF PATENT—PUBLIC RIGHTS OF NAVIGATION AND FISHERY UNAFFECTED—NAKED TITLE TO SOIL ONLY TRANSFERRED. *People* v. *California Fish Company*, *ante*, p. 576, approved, with respect to the construction of sections 3440 to 3493½ of the Political Code authorizing the sale of tide lands.

ID.—LITTORAL RIGHTS OF RIPARIAN PROPRIETOR IN ADJOINING TIDE LANDS—SUBORDINATION TO PUBLIC EASEMENT OF NAVIGATION AND FISHERY.—Where the owner of upland adjoining tide lands holds title to the soil under the water in front of his upland, and holds it by virtue of his riparian ownership, in fee, such title is subject to the public easements of navigation and fishery, and when the public authorities see fit to make improvements on the land below high-water mark for purposes of navigation, the riparian owner must yield thereto. His littoral rights are subordinate to the public rights, and cannot impinge upon the control by the state of tide lands for the public purposes of navigation and fishery, or affect the public easement for those purposes.

JUDGMENT—FAILURE TO CONFORM TO STIPULATED FACT—FINDINGS—MODIFICATION OF JUDGMENT ON APPEAL.—Where the judgment appealed from does not conform to a fact orally stipulated to on the trial, but which was not embodied in the findings, the error cannot be corrected by a direction from the appellate court to enter the proper judgment without further proceedings. The appellate court cannot supply the finding.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Frank Karr, Gibson, Dunn & Crutcher, Ward Chapman, Sheldon Borden, Edward E. Bacon, and W. R. Millar, for Appellants.

U. S. Webb, Attorney-General, Leslie R. Hewitt, John W. Shenk, A. P. Fleming, and Anderson & Anderson, for Respondent.

SHAW, J.—The defendants appeal from the judgment and from the order denying a new trial.

The action was begun to establish the title of the state of California to a parcel of land embraced in what is known as tide land location No 143 for which the state issued a patent to August W. Timms under the laws for the sale of swamp and tide lands. It is alleged that the defendants claim some title or interest in said land. The patent to Timms was issued on December 3, 1887. The proceedings leading up to the execution of said patent were in all respects regular. The land is more than two miles from the corporate limits of the town of Wilmington, as fixed by the act of 1872 incorporating that town. At the time the proceedings for the sale were taken and when the patent was issued, the city of San Pedro had not been incorporated. The land was therefore open to sale and not within any statutory or constitutional reservation.

The effect of such patent for tide lands, with respect to the public easements of navigation and fishery, was fully discussed and determined in the opinion in the case of *People v. California Fish Co.*, L. A. No. 3060, *ante*, p. 576, [138 Pac. 79], to which we refer. It was there decided that it does not convey or affect the public rights of navigation and fishery, or the power of the state to regulate and control the same and alter and improve the premises in the interest of navigation, but transferred only the title to the soil subject to said public rights and powers. The judgment below was that the plaintiff was the absolute owner of the land and that the said patent was void and conveyed no interest in the land whatever. In this the court erred. The decree as to the effect of the patent should have been to the effect above stated.

The findings do not show that the defendants have succeeded to the interest of Timms under the patent aforesaid.

Upon .the trial there was an oral stipulation to that effect, but it was not carried into the findings. They do not show that the defendants have any title or interest under the patent. By reason of this omission the error in the judgment cannot be corrected by a direction from this court to enter the judgment without further proceedings. This court cannot supply the finding.

The defendants have a parcel of upland adjoining the tide lands in controversy and they claim the right, as riparian proprietors, to wharf out and use the tide land in front of their upland for navigation in connection with the upland. It is settled by the decision of the supreme court of the United States in the case of *United States* v. *Chandler-Dunbar W. P. Co.*, 229 U. S. 53, [57 L. Ed. 1063, 33 Sup. Ct. Rep. 667], decided May 26, 1913, that when the riparian proprietor holds title to the soil under the water in front of his upland, and holds it by virtue of his riparian ownership, in fee, such title is subject to the public easements of navigation and fishery, that when the public authorities see fit to make improvements on the land below high-water mark for purposes of navigation, the riparian owner must yield thereto, and that his right is subordinate to the public rights. There are many other decisions of the supreme court of the United States substantially to the same effect. Under these authorities it is apparent that the littoral rights of the defendants cannot impinge upon the control by the state of tide lands for the public purposes of navigation and fishery, or affect the public easement for those purposes.

Certain rights of the defendants under a permit from the state surveyor-general, under section 478 of the Civil Code, dated April 7, 1887, and under an agreement with the city of San Pedro made on December 11, 1886, were expressly excepted from the operation of the judgment and were not adjudicated.

A new trial of all the issues is unnecessary. The only fact not determined is the succession of the defendants to the rights of Timms under the state patent. The case in this respect is similar to the case of *People* v. *Southern Pacific Railroad Co., ante,* p. 614, [138 Pac. 94], (L. A. No. 3056), decided simultaneously herewith, and the order will be similar. That case also disposes of the claim of title by prescription.

The order denying a new trial is affirmed, except as below stated.

The judgment is reversed with directions to the court below to proceed upon evidence to be taken, or upon a consideration of the aforesaid stipulation, and make a finding upon the question whether or not the defendants have succeeded to the rights of Timms, under the patent from the state to him, and thereupon to make and enter its judgment accordingly.

Angellotti, J., Sloss, J., and Beatty, C. J., concurred.