[L. A. No. 3061. In Bank.—April 11, 1914.]

THE PEOPLE, Upon Information of U. S. Webb, Attorney-General, Respondent, v. BANNING COMPANY et al., Appellants.

SWAMP LANDS—ADVERSE POSSESSION AGAINST STATE—WHEN CONFERS TITLE.—An action by the state to quiet title to swamp and overflowed land, held by it in its proprietary capacity and not subject to any public easement or trust, is barred by ten years of adverse possession.

ID.—TIDE LANDS—ACTION BY STATE TO QUIET TITLE—JUDGMENT.—The judgment in this action by the state to quiet title to tide lands follows the judgment in *State* v. *Banning, ante* p. 643.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, Gibson, Dunn & Crutcher, J. W. McKinley, Frank Karr, Ward Chapman, Sheldon Borden, Edward E. Bacon, and W. R. Millar, for Appellants.

U. S. Webb, Attorney-General, Leslie R. Hewitt, John W. Shenk, A. P. Fleming, and Anderson & Anderson, for Respondent.

THE COURT.—The appeals are from the judgment and from an order denying a new trial. The appeal of the Kerckhoff-Cuzner Mill and Lumber Company is taken separately from that of the others, but both appeals are presented upon the same transcript.

The case involves the land embraced in tide land location No. 68. First payment was made in 1882 and the last in the year 1890. The patent was issued therefor to William H. Banning on October 16, 1894. It is all within two miles of Wilmington.

The action is to quiet title to the entire tract of land embraced in the patents. A part of the land embraced in this location was involved in L. A. No. 3077, *People* v. *Banning et al., ante,* 643, [140 Pac. 587]. All the questions determina-

tive of the rights of the parties were fully discussed and decided in that case and in L. A. No. 3060, *People* v. *California Fish Co.,* 166 Cal. 576, [138 Pac. 79]. The court here, as it did in L. A. No. 3077, found that certain of the lands claimed by the Kerckhoff-Cuzner Mill and Lumber Company had been held by said company in actual adverse possession against the state for more than ten years and that said lands are part of the swamp and overflowed lands of the state, lands held as proprietary lands and not subject to any public easement or trust. Our conclusion in the first named case was that the action was barred by the statute of limitations as against that company. The court below also found that a certain small portion of the land held in adverse possession by the Kerckhoff-Cuzner Mill and Lumber Company was tide land and it concluded that that defendant had gained no title whatever thereto by virtue of its adverse possession.

After the rehearing was granted in this case from the decision rendered therein on December 20, 1913, the appellant Kerckhoff-Cuzner Mill and Lumber Company waived and abandoned all claim it may have to the small parcels of tide lands adjoining the aforesaid swamp land and which were included in its possession as above stated, reserving only its rights under any valid wharf franchises over said tide lands, and thereupon the parties submitted the cause upon the arguments already made. Upon this waiver the judgment should be against the defendant with respect to said tide lands. The judgment here will follow the judgment in L. A. No. 3077 aforesaid.

It is therefore ordered that the judgment against all the defendants except the Kerckhoff-Cuzner Mill and Lumber Company, and the order denying a new trial as to all, be affirmed.

The judgment against the Kerckhoff-Cuzner Mill and Lumber Company is reversed and as to that company the cause is remanded with directions to the court below to enter judgment that the plaintiff take nothing against the said defendant with respect to the land which the court in the eleventh finding declared to have been in the possession of said defendant for more than ten years next before the beginning of this action and to be above the line of ordinary high tide, and that said defendant remain in possession thereof; and that said Kerckhoff-Cuzner Mill and Lumber Company recover its costs.