[L. A. No. 3059.   In Bank.—March 5, 1915.]

THE PEOPLE, upon Information of U. S. Webb, Attorney-General, Respondent, v. SOUTHERN PACIFIC RAIL-ROAD COMPANY (a Corporation), et al., Appellants.

TIDE LANDS—VALIDITY OF PATENTS—TOWN OF WILMINGTON.—The question of the validity of the patents under which the defendants claim tide lands within two miles of the town of Wilmington, as incorporated in 1872, was fully discussed in the opinion in *People* v. *California Fish Company,* 166 Cal. 576, where it was held that the patents conveyed no title to tide or submerged lands.

ID.—TIDE LAND LOCATION—UPLAND EMBRACED THEREIN—VALIDITY OF PATENT.—Of the land embraced in tide land locations 63 and 64, applications and surveys for which were approved April 11, 1881, first payments made April 15, 1881, certificates of purchase issued accordingly April 23, 1881, and thereafter a single patent for both locations given the purchaser, May 16, 1882, excluding, however, certain named wharf franchises and permits for railway and wharf purposes, the part of an upland character, above high-water mark, was validly taken under such patent, but the rest belongs to the state, since the patent conveyed no title to submerged land.

Id.—Railroad Line—Construction Over Tide Lands Without Consent of State or Municipality.—By constructing an electric railroad, without consent or permission first had from the state or municipality, and operating it for less than five years, a railway company, or its successor, obtains no right to tide lands upon which the road was so constructed.

Id.—Award of Uplands to Railroad Companies—Correction of Error.—In the judgment in this cause the court awarded to the San Pedro Lumber Company uplands, in which the Southern Pacific Railroad Company and the Los Angeles Inter-Urban Railway Company have certain rights and titles, and through error omitted to except such from the award; the parties having stipulated since for the curing of the error this court by its judgment gives effect to the stipulation.

Id.—Title—Prescriptive Rights—Lands Withheld From Sale.—The point raised by the petition of the San Pedro Lumber Company as to the validity of the company's claim of prescriptive title has been put at rest by the decision in *Patton* v. *City of Wilmington, ante,* p. 521, to the effect that title to tide lands which have been withheld by the state from sale cannot be acquired by adverse possession.

Id.—Public Easements—Owner of Uplands.—The owner of uplands bordering upon navigable waters cannot assert an interest in the intervening tide lands, as against the right of the state or its authorized agencies to hold and control such tide lands in furtherance of the public uses of navigation and fishery.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Frank Karr, Gibson, Dunn & Crutcher, O'Melveny, Stevens & Millikin, W. R. Millar, E. E. Bacon, Ward Chapman, and Sheldon Borden, for Appellants.

U. S. Webb, Attorney-General, Leslie R. Hewitt, John W. Shenk, A. P. Fleming, and Anderson & Anderson, for Respondents.

THE COURT.—This is one of the "tide land cases," so-called, decided by this court in a number of opinions filed at the same time, the first of the series being *People* v. *California Fish Co.,* 166 Cal. 576, [138 Pac. 79]. In the present case a rehearing was ordered.

The opinion originally filed was prepared by Shaw, J., and read as follows:

"In this case separate appeals from the order denying a new trial and from the judgment are presented, one by the San Pedro Lumber Company and the other by the other defendants. The action is in all respects similar to the action in *People* v. *California Fish Co.*, (L. A. No. 3060), [166 Cal. 576, 138 Pac. 79], in which we have fully discussed all of the questions involved in this action except those hereinafter mentioned. The case involves the land embraced in tide land locations Nos. 63 and 64. Applications and surveys for these locations were approved on April 11, 1881, first payments were made on April 15, 1881, certificates of purchase issued on April 23, 1881, to P. C. Learned, and a single patent was issued for both locations to said Learned on May 16, 1882. Certain wharf franchises and permits for railroad and wharf purposes, being those mentioned in L. A. No. 3056, *People* v. *Southern Pacific Railroad Co.*, [166 Cal. 614, 138 Pac. 94], and also a wharf franchise granted by the city of San Pedro, were excluded from consideration by the court below and all rights claimed thereunder were excepted from the judgment in favor of the plaintiff. A large part of the lands are, and always have been, above the high tide line. The court below found that this upland was the property of the defendant, San Pedro Lumber Company, and gave judgment to that effect. That company, in its brief, does not claim by prescription. The remaining portion was found to be a part of the state tide and submerged lands and was adjudicated to be the property of the plaintiff. All of the land lies within two miles of the town of Wilmington as incorporated in 1872. The question of the validity of the patents under which the defendants claim tide lands was fully discussed in the opinion in L. A. No. 3060 aforesaid, this case being one of the series of cases therein mentioned. Upon the principles there stated, the patent conveyed no title to tide lands, or submerged lands.

"The Los Angeles Inter-Urban Railway Company constructed an electric railroad over a part of the land, being a part of its line from Los Angeles to San Pedro, and operated the same for some time and then leased it to the appellant, Pacific Electric Railway Company, which has ever since operated it. The railway was constructed less than five years, before these actions were begun. It does not appear that

either company ever obtained a permit to build and maintain the railroad, either from the state or the municipal authorities. The court below correctly decided that no right to the tide land was gained by this use for railroad purposes.

"An error was made in the judgment respecting the upland awarded to the San Pedro Lumber Company. The Southern Pacific Railroad Company and the Los Angeles Inter-Urban Railway Company have certain titles and rights therein which are not mentioned in the judgment. The parties have stipulated that this error may be corrected by this court by a specified modification of the judgment. This modification will be made in accordance with the stipulation, but without costs. In other respects the judgment is correct.

"The order denying a new trial is affirmed.

"The following clause in the judgment appealed from to wit:

" 'And as to said excepted portion above described it is ordered, adjudged and decreed that the San Pedro Lumber Company is the owner thereof'; is changed and modified so as to read as follows:

" 'And as to said excepted portion above described it is ordered, adjudged and decreed that the San Pedro Lumber Company is the owner thereof, except all that portion thereof described as follows: Commencing at a point on the center line of the Southern Pacific Railroad Company, where said center line intersects United States bulkhead line between stations 52 and . . . of the survey of bulkhead lines which was established by the United States in July, 1908, in San Pedro harbor, and running thence southerly along said railroad following the curvature thereof and embracing a strip of land twenty (20) feet on each side of said center line to the southerly boundary of said last above described land, and it is ordered, adjudged and decreed that the Southern Pacific Railroad Company is the owner thereof; also except an easement for right of way conveyed prior to the commencement of this action by the San Pedro Lumber Company to the Los Angeles Inter-Urban Railway Company by deed dated February 25, 1905, and recorded in book 4001, page 13 of deeds, records of Los Angeles County, California; and it is ordered, adjudged and decreed that the Los Angeles Inter-Urban Railway Company is the owner of said easement of right of way last described.

" 'And as so modified the judgment is affirmed, with costs to respondent.' "

The rehearing was ordered on the petition of San Pedro Lumber Company, which asked this court to pass specifically on its claim of prescriptive title, and on the question of its littoral rights. Although the first contention had not been advanced in the briefs, and the second was, as we thought, settled by the contemporaneous decision in *People* v. *Southern Pacific R. R. Co.,* 166 Cal. 627, [138 Pac. 103], the rehearing was ordered, for the reason, principally, that further consideration of the question of prescriptive title was deemed desirable.

Decisions rendered by this court since the rehearing was ordered dispense with the necessity of extended discussion of either of the questions thus presented. In *Patton* v. *City of Wilmington,* (L. A. No. 3485), *ante,* p. 521, [147 Pac. 141], filed March 4, 1915, it was held that a title to tide lands, which have been withheld from sale by the state, cannot be acquired by adverse possession. It is true that the justices joining in the decision differed widely in their reasons for this conclusion, but five of them united in declaring that, on one ground or another, a prescriptive title to such lands could not be acquired against the state. The court has thus finally repudiated the doctrine that a qualified title—viz., a title to the fee, subject to the public easements—may thus be acquired. This view had been declared in *People* v. *Banning Co.,* (L. A. No. 3077) 167 Cal. 643, [140 Pac. 587], and *People* v. *Banning Co.,* (L. A. No. 3061) 167 Cal. 651, [140 Pac. 591], decided at the same time as the California Fish Company case, but in each of these cases the judgment was vacated and a rehearing ordered. The two cases were subsequently disposed of upon stipulation of the parties, there being no decision upon the point now under discussion.

The claim of littoral rights is met by a reference to *Henry Dalton & Sons Co.* v. *Oakland,* 168 Cal. 463, [143 Pac. 721], where it is held, on the authority of *People* v. *Southern Pacific R. R. Co.,* 166 Cal. 627, [138 Pac. 103], that the owner of upland bordering upon navigable waters cannot assert an interest in the intervening tide lands, as against the right of the state or its authorized agencies to hold and control such tide lands in furtherance of the public uses of navigation and fishery. The decree here appealed from adjudged merely

that the plaintiff is the owner of the tide lands in question, and that the defendants have no interest therein. This is a correct determination of the respective rights of the parties in such lands. Whether the owner of the upland may occupy the tide lands until the state, or its agency, sees fit to take possession of them in furtherance of some plan to aid navigation, or whether, when that time comes, the San Pedro Lumber Company will be entitled to compensation on account of structures erected by it on these lands, are questions that are not presented by the record before us, and that may well be left to be decided when they arise. (See *People* v. *California Fish Co.*, 166 Cal. 576, [138 Pac. 79].)

The opinion heretofore filed is approved as a correct determination of the points therein decided.

The order denying a new trial is affirmed. The judgment is modified as provided in said former opinion, and as so modified is affirmed, with costs to respondent.