[Civ. No. 3169. First Appellate District, Division One.—December 15, 1919.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. PACIFIC COAST STEAMSHIP COMPANY (a Corporation), Appellant.

[1] TIDE-LANDS—POWER OF LEGISLATURE TO GRANT TO MUNICIPALITY.— The legislature under the terms of the constitution has the power to grant to a municipality tide-lands and harbor frontages to which the state holds title for certain trust purposes from the general government, where such grant is for a purpose in harmony with the trusts upon which the state was invested with title to the same.

[2] ID.—CONVEYANCE TO CITY OF LOS ANGELES—TITLE ACQUIRED— RIGHT TO MAINTAIN ACTION.—Under the act of the legislature of 1911 (Stats. 1911, p. 1256), granting to the city of Los Angeles a certain tract of submerged land, title to which had theretofore been held by the state for certain trust purposes, that city became possessed of all the power which the state formerly held in relation to said lands and of all the rights to the ownership and possession

thereof which the state had prior to said grant, and hence with full power, as the successor of the state, to maintain an action against one claiming to hold a public franchise for the possession and use of said premises for the purpose of maintaining a wharf thereon under the provisions of sections 2906–2920 of the Political Code.

[3] Id.—Wharf Franchise—Limitation of Term—Construction of Code.—The twenty-year limitation with reference to wharf franchises contained in section 2910 of the Political Code refers to the term of the grant and not solely to the right to take tolls.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. W. Towle for Appellant.

Albert Lee Stephens and Anderson & Anderson for Respondent.

RICHARDS, J.—This action was brought by the plaintiff to quiet its title and right of possession to a tract of submerged land at San Pedro of which the defendant was in possession and was thereon maintaining a wharf under a franchise granted to it under the provisions of the Political Code.

The case was submitted to the trial court upon a stipulation as to its facts, from which stipulation it appeared that the title which the city of Los Angeles had in and to said tract of submerged land was such as was conveyed to it by an act of the legislature approved May 1, 1911 (Stats. 1911, p. 1256), and that the only claim of title and right of possession of the Pacific Coast Steamship Company was that arising out of the franchise granted to it under the provisions of sections 2906–2920 of the Political Code. The trial court rendered its judgment in favor of the plaintiff upon these stipulated facts, and by such judgment it was decreed that plaintiff was the owner of said lands, and that all of the claims of the defendant thereto were invalid except that under the terms of its said franchise dated April 23, 1901, the defendant was entitled to the possession of said lands for a period of twenty years from the said date of said franchise, but for no longer period, and that upon the expiration of the said term of said franchise, unless the

same should be renewed or extended or a new franchise granted to the defendant by the plaintiff or other proper authority, the wharf constructed and being maintained by said defendant upon said lands should become the property of the plaintiff as the owner of said lands and as the party then entitled to the possession thereof.

[1]  Upon its appeal from such judgment the defendant and appellant herein makes several contentions. The first of these is the contention that the legislature under the terms of the constitution had no power to make the grant of the title to said submerged lands which was attempted to be made by the act of the legislature of May 1, 1911, *supra.* An examination of the terms of this act shows that in substance and effect it is in all respects similar to prior acts of the state legislature granting to municipalities tide-lands and harbor frontages, to which the state held the title for certain trust purposes from the general government, and of which it has made from time to time such legislative grants under the provisions of article XV of the state constitution. These grants have been uniformly upheld by the supreme court of this state, and the policy and power of making such grants to municipal corporations for purposes in harmony with the trusts upon which the state had been invested with title to the same has become so well settled as to be at this late date in our state history beyond dispute. It may be suggested, however, that the contention which the appellant now makes in that regard is fully and finally answered by the decision of the supreme court of this state in the case of *Cimpher* v. *City of Oakland,* 162 Cal. 87, [121 Pac. 374].

[2]  As to the claim of the appellant that the title, if any, which the city of Los Angeles derived to the lands in question under said act of the legislature was one which it held not in its governmental but merely in its private or proprietary capacity, we find no merit in this claim. The trusts upon which the city of Los Angeles received its title to said premises were the identical public trusts upon which the state had originally received and held said lands up to the time of its said grant of the same to said city. These trusts being for public uses were essentially governmental in their character, and the city of Los Angeles, in taking over from the state the title to said lands for the purpose of fulfilling these trusts, was merely acting as one of the sub-

ordinate governmental agencies of the state, and as such it was by the terms of said act invested with the full title to said premises for the purpose of administering such trusts. This being so, it became possessed of all of the power which the state formerly held in relation to said lands and all of the rights to the ownership and possession thereof which the state had prior to said grant, and hence with full power, as the successor of the state, to maintain this action as against the defendant claiming to hold a public franchise for the possession and use of said premises for the purpose of maintaining a wharf thereon under the provisions of sections 2906–2920 of the Political Code.

[3] The next and only further contention which the appellant makes herein is that under the terms of its said franchise granted on April 23, 1901, by virtue of the foregoing sections of the Political Code, its right of possession thereof, and also its right to the use and operation of the wharf which it had constructed thereon, was not limited to the term of twenty years, and hence that the trial court in so undertaking to limit the same was in error.

This claim on the part of the appellant is predicated upon a construction which it undertakes to place upon section 2910 of the Political Code. Said section has reference to the procedure before the board of supervisors having power to grant applications for such franchises, and the portion thereof upon which the appellant relies to sustain his foregoing contention reads as follows: "If from the proofs it appear that the public good or convenience will be promoted thereby, the board of supervisors may grant to the applicant the right to erect or construct a wharf, chute, or pier as prayed for, and to take tolls for the use of the same for the term of twenty years." The appellant bases his claim upon the punctuation of this portion of said section, insisting that the limitation of twenty years therein has reference solely to the right to take tolls.

We find no merit in this contention, and are satisfied that the evident purpose of the entire chapter of the Political Code in which this section occurs was to limit the terms of the grant of the franchises referred to therein to said term of twenty years, and empowered the said board to provide that the ownership of the wharves erected upon such lands should, upon the termination of such franchises,

become vested in the public body which was the owner and which would then become entitled to the possession of said lands. This matter appears to us to have been settled beyond the point of further dispute by the case of *Santa Cruz* v. *Southern Pacific Co.*, 163 Cal. 538, [126 Pac. 362], which we are unable upon principle to distinguish from the case at bar. Under the authority of that case the right of the trial court to include in its judgment the clause thereof which invests the plaintiff with title to the wharves constructed and maintained by the said defendant upon the said lands of said city upon the expiration of said franchise on April 23, 1921, must also be sustained.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying an application for a hearing in this court after decision of the district court of appeal of the first appellate district, division one, we deem it proper to say that we do not understand that the judgment of the superior court is to be construed as depriving the appellant of any such right as it may have under section 1019 of the Civil Code.

All the Justices concurred.